**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 0 5 2021

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**LARRY BATTON**                                    **PLAINTIFF**

**v.**                                              No. 2:21-cv-31-BSM

**REDLINE TRUCKING, INC.**
**and KECO REUF**                                   **DEFENDANTS**

---

### COMPLAINT FOR DAMAGES

---

**COMES NOW,** the Plaintiff, LARRY BATTON, by and through undersigned attorney and hereby files this Complaint for Damages against Defendants REDLINE TRUCKING, INC. and KECO REUF, and would show the Court as follows:

### PARTIES

1.  Plaintiff Larry Batton (hereafter "Mr. Batton or Plaintiff") is an adult resident of Accoville, Logan County, West Virginia.

2.  Upon information and belief, Defendant Redline Trucking, Inc. (hereafter "Defendant Redline"), is a foreign for profit corporation in Bowling Green, Kentucky and who regularly does business in the state of Arkansas, whose principal address is 535 Modern Way Bowling Green, KY 42101, and can be served with process through its registered agent Elvedina Hotilovac, 535 Modern Way, Bowling Green, Kentucky 42101.

3.  Upon information and belief, Defendant Keco Reuf (hereafter "Defendant Reuf") is an adult resident citizen of Bowling Green, Warren County, Kentucky and can be served with process at 620 Rodeo Lane, Bowling Green, Kentucky 42101.

This case assigned to District Judge _Miller_
and to Magistrate Judge _Harris_

4.  Plaintiff's cause of action arises in tort, as a result of injuries sustained due to the negligent operation of a commercial vehicle driven by Defendant Reuf in Monroe County, Arkansas on or about July 29, 2019.

5.  All events which form the basis of this Complaint for Damages are based in tort and occurred in Monroe County, Arkansas.

6.  Defendant Redline Trucking, Inc. was properly served with process.

7.  Defendant Keco Reuf was properly served with process.

## FACTS

8.  On or about July 29, 2019, Plaintiff was riding as a passenger in a 2020 Freightliner Columbia, believed to be owned by Covenant Transport, and driven by Joseph C. King.

9.  Plaintiff was a passenger in the vehicle that was traveling westbound on Interstate 40, around the 215 mile marker in Brinkley, Arkansas, in the left inside lane of traffic.

10. At the same time, Defendant Reuf was operating a 2012 Freightliner Cascadia, owned by Redline Trucking, Inc., traveling directly behind Plaintiff's vehicle.

11. The vehicle that Plaintiff was riding in began to slow because the traffic in front was stopping.

12. Defendant Reuf failed to recognize the slowing traffic ahead of him and struck the back of Plaintiff's tractor trailer truck with the 2012 Freightliner Cascadia that he was operating causing Plaintiff's vehicle to collide with the vehicle in front of him.

13. As a result of the impact, the Plaintiff sustained serious injuries and damages, including but not limited to, lower back pain, laceration to his lip, neck pain, abdomen pain, chest pain, sprain of ligaments of lumbar spine, PTSD, and a T12 vertebral fracture.

14. At all times pertinent to this Complaint, Defendant Redline Trucking, Inc. was acting through their agent, servant, employee and/or independent contractor, specifically, their employee, Defendant Reuf, and therefore, the Plaintiff relies on the doctrine of Respondeat Superior.

15. Defendant Redline Trucking, Inc. is the true owner(s) of the commercial vehicle that Defendant Reuf was operating at the time of the crash.

16. Plaintiff pleads that Defendant Reuf was operating the above referenced commercial vehicle under Defendant Redline Trucking, Inc.'s direct authority, consent and knowledge.

17. Plaintiff alleges that there was nothing that the Plaintiff could have done to avoid or minimize the collision or the damages resulting therefrom.

18. The collision was foreseeable to Defendants Reuf and Redline Trucking, Inc. and could have been avoided had said Defendants acted in a safe and prudent manner as required by Arkansas law and in accordance with the standards required of professional truck drivers and motor carriers.

19. At the time of the subject crash, Defendant Reuf had a duty to drive in conformance with the Federal Motor Carrier Safety Regulations and Arkansas law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Arkansas law, including, but not limited to, the Required Knowledge and Skills set forth in 49 CFR Sections 383.111 and 383.113 as well as the mandates of 49 CFR Sections 390-395.

## COUNT I
## NEGLIGENCE
## OF KECO REUF

20. Plaintiff reincorporates paragraphs 1-19 as though set forth herein verbatim.

3

21. Defendant Reuf had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of the Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front and beside of him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

22. As a professional truck driver, Defendant Reuf also had a duty to operate his commercial vehicle in accordance with the standards required of commercial vehicle drivers and in accordance with the required skills and knowledge set forth in 49 CFR Sections 383.111 and 383.113; the mandates of 49 CFR Sections 390-395; and industry and corporate standards and guidelines that emanate from these safety regulations.

23. Defendant Reuf breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

(a) Failing to keep a lookout for vehicles and traffic ahead;
(b) Failing to perform a proper visual search;
(c) Failing to properly manage his space;
(d) Failing to drive at a safe and reasonable speed under the conditions;
(e) Failing to drive defensively;
(f) Operating a commercial vehicle while distracted;
(g) Failing to operate the commercial vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, Mr. Batton, in grave danger;
(h) Failing to adhere to safe driving principles expected of professional drivers;
(i) Failing to operate the commercial vehicle in accordance with generally accepted safety principles for professional drivers and/or the commercial vehicle industry;
(j) Failing to operate the commercial vehicle in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;
(m) Otherwise failing to act reasonably and prudently as a professional driver should under the circumstances; and
(n) Such other specifications of negligence that shall be added by amendment or proven at trial.

24. As a result of the foregoing breaches of duties, Plaintiff suffered injuries and damages.

25. Upon information and belief, Defendant Reuf is guilty of violating one or more of the following statutes of the State of Arkansas, each and every such statue being in full force and effect at the time and place of the collision herein:

a.  A.C.A. §27-51-104. Careless and prohibited driving; and

b.  A.C.A. §27-50-308.  Reckless driving.

c.  A.C.A. § 27-51-305.  Following too closely.

26. As a direct and proximate result of Defendant Reuf's negligence, Plaintiff suffered significant and serious injuries, including but not limited to, lower back pain, laceration to his lip, neck pain, abdomen pain, chest pain, sprain of ligaments of lumbar spine, PTSD, and a T12 vertebral fracture.

27. Defendants Redline Trucking, Inc. had a duty to promulgate and enforce rules and regulations to ensure its driver and vehicle was reasonably safe, and negligently failed to do so.

28. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered significant and serious injuries, which would not have otherwise occurred.

29. The above-referenced acts of negligence of the Defendants were the cause, in fact, and proximate cause of the incident described in this Complaint, which resulted in the Plaintiff suffering significant physical and emotional injuries and damages including but not limited to, lower back pain, laceration to his lip, neck pain, abdomen pain, chest pain, sprain of ligaments of lumbar spine, PTSD, and a T12 vertebral fracture.

30. At all times relevant, the commercial vehicle referenced above being operated by Defendant Reuf was being operated and used with the authority, consent and knowledge and/or as an agent for Defendants Redline Trucking, Inc., and/or for its use and benefit and/or as an agent for said Defendant, for a business purpose. Thus, Redline Trucking, Inc. is liable to the

Plaintiff for the negligence and negligence *per se* of Defendant Reuf pursuant to the principles of *respondeat superior*, agency, and bailment.

## COUNT II
## RESPONDEAT SUPERIOR AGAINST
## DEFENDANT REDLINE TRUCKING, INC.

31. Plaintiff reincorporates paragraphs 1-30 as though set forth herein verbatim.

32. At all times material hereto, Defendant Reuf was acting within the course and scope of his employment or agency with Defendant Redline Trucking, Inc. and was furthering the business interests of Defendant Redline Trucking, Inc.

33. Defendant Redline Trucking, Inc. is liable under the doctrine of *respondeat superior* and the rules of agency for the tortious acts and omissions of their agents, employees, members, representatives, servants, or contractors.  These acts and omissions include, but are not limited to, the acts and omissions committed by Defendant Reuf on July 29, 2019, which are described above and were committed within the course and scope of his agency or employment with Defendant Redline Trucking, Inc.

34. As a result of the foregoing breaches of duties, Plaintiff suffered the losses and injuries noted herein.

35. Alone or in conjunction with the negligence of other Defendant(s), Defendants Reuf and Redline Trucking, Inc.'s negligence proximately caused the injuries to Plaintiff including but not limited to, lower back pain, laceration to his lip, neck pain, abdomen pain, chest pain, sprain of ligaments of lumbar spine, PTSD, and a T12 vertebral fracture.

36. Defendant Redline Trucking, Inc. is liable to Plaintiff for all damages allowed by law for the injuries, damages and losses sustained by the Plaintiff as a result of the negligence of Defendant Reuf and/or their own independent negligence.

6

## COUNT III
## NEGLIGENCE
## ON REDLINE TRUCKING, INC.

37. Plaintiff reincorporates paragraphs 1-36 as though set forth herein verbatim.

38. As an employer, Defendant Redline Trucking, Inc. is <u>independently</u> negligent in hiring, qualifying, training, entrusting, supervising and retaining Defendant Reuf in connection with his operation of a commercial vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

39. Defendant Redline Trucking, Inc. failed to ensure that their commercial and driver complied with federal and state laws and regulations.

40. Defendant Redline Trucking, Inc. failed to properly inspect, maintain, service, or repair the commercial vehicle that Defendant Reuf was operating.

41. As an employer and motor carrier, Defendant Redline Trucking, Inc. had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations, other federal law and regulations, Arkansas law and industry standards including:

(a) The duty to properly qualify Defendant Reuf;
(b) The duty to properly train Defendant Reuf;
(c) The duty to properly inspect and maintain its vehicles;
(d) The duty to make sure its employees are medically able to operate commercial vehicles; and
(e) The duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial vehicle.

42. Defendant Redline Trucking, Inc. was <u>independently</u> negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Arkansas law and industry standards.

43. As a result of the foregoing breeches of duties, Plaintiff suffered the losses and injuries noted herein.

44. Alone or in conjunction with the negligence of the other Defendants, Defendant Redline Trucking, Inc.'s negligence proximately caused the injuries to Plaintiff.

45. Defendant Redline Trucking, Inc. is liable to the Plaintiff for all damages allowed by law for the injuries, damages and losses sustained by the Plaintiff as a result of the negligence of Defendant Reuf and/or their own independent negligence.

## NEGLIGENT ENTRUSTMENT

46. Upon information and belief, Defendant Redline Trucking, Inc. furnished and/or gave permission to Defendant Reuf to use the commercial vehicle described above and thus were negligent in entrusting the operation of said commercial vehicle, believed to be owned by Defendant Redline Trucking, Inc., which was the direct and proximate cause of the damages to Plaintiff.

47. At all times relevant, the commercial vehicle described above driven by Defendant Reuf was entrusted to him by Defendant Redline Trucking, Inc., in spite of Defendant Reuf' incompetence to use it and Defendant Redline Trucking, Inc.'s knowledge of his incompetence. Thus, Defendant Redline Trucking, Inc. is liable to the Plaintiff for the negligent entrustment of the commercial vehicle to Defendant Reuf.

## NEGLIGENT HIRING

48. Defendant Redline Trucking, Inc. negligently hired, retained, and/or was negligent in its supervision of Defendant Reuf in the course and scope of his duties as an agent/employee of said Defendant.

49. That Defendant Redline Trucking, Inc.'s hiring practices fall below the applicable standard of care, and result in a breach of duty to the other drivers on the road by putting untrained and unqualified drivers behind the wheel of their vehicle.

## NEGLIGENT SUPERVISION

50. That Defendant Redline Trucking, Inc. failed to adequately supervise and train its employees/agents, and in particular Defendant Reuf, which resulted in injury to Plaintiff.

## COMPENSATORY DAMAGES

51. Plaintiff reincorporates paragraphs 1-50 as though set forth verbatim.

52. As a direct and proximate result of the negligence of Defendants, Plaintiff suffered the following injuries and damages:

      a. Severe and permanent injury, caused, precipitated and/or aggravated by the wrongs complained herein;
      b. Great fright and shock;
      c. Great physical pain and suffering, both past and future;
      d. Great mental and emotional anguish, both past and future;
      e. Medical expenses, both past and future;
      f. Loss of earnings and earning capacity in the future; and
      g. The inability to enjoy the normal pleasures of life, both past and future.

## RELIEF SOUGHT

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays:

1. That Plaintiff be awarded the present cash value of any medical care and treatment that Plaintiff has undergone, or will have to undergo;

2. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, and lost wages according to proof;

3. That the Plaintiff be awarded compensatory damages in an amount of Five Million and no/100ths Dollars ($5,000,000.00); and;

4. That Plaintiff be awarded post-judgment interest as allowed by law;

5. Such further relief as the Court may deem just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a jury to try all causes in this matter.

Respectfully submitted,

**MORGAN & MORGAN MEMPHIS, LLC**

William T. Hackett (AR BPR 2013090)
One Commerce Square, 26th Floor
Memphis, Tennessee 38103
Phone: (901) 333-1817
Fax:     (901) 524-1797
Email: whackett@forthepeople.com
*Attorney for Plaintiff*